**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

ONESSIMUS M. GOVEREH,

    Petitioner,

v.

TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:17-cv-62

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATON**

Presently before the Court is Petitioner's Motion for Preliminary Injunction and Restraining Order. (Doc. 5.) For the reasons which follow, I **RECOMMEND** the Court **DENY** Petitioner's Motion.

## **BACKGROUND**

Petitioner filed this action pursuant to 28 U.S.C. § 2241 on May 18, 2017, alleging that Respondent improperly denied him good conduct time and refuses to transfer him to a Bureau of Prisons ("BOP") facility wherein Petitioner can participate in community reentry programs. (Doc. 1, pp. 3–4.) In addition to his Section 2241 Petition, Petitioner filed the instant Motion for Preliminary Injunction and Restraining Order on June 6, 2017. (Doc. 5.) Within that Motion, Petitioner requests that the Court enjoin Respondent from changing Petitioner's transfer date to a residential reentry center from July 10, 2017, to August 3, 2017. (Id. at p. 1.) Petitioner argues that Respondent improperly postponed his transfer date based upon Petitioner's loss of twenty-three (23) days' good conduct time. (Id. at pp. 1–2.) Petitioner requests that the Court order

Respondent to place Petitioner in a residential reentry center for the remainder of his federal sentence. (Id. at p. 2.)

**DISCUSSION**

To be entitled to a preliminary injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

If a petitioner succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Ala., 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the

State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

At this stage, Petitioner has not shown that he has satisfied the prerequisites in order to be entitled to a preliminary injunction. Specifically, Petitioner has not shown the likelihood of success on the merits of his claims or that injunctive relief is necessary to prevent irreparable injury. Furthermore, because Petitioner's request pertains specifically to prison policies governing the transfer of prisoners–a matter squarely within the realm of prison administration–an order or injunction granting such relief on this record would be broader and more intrusive than necessary to remedy any potential constitutional violation. This is not to say that Petitioner will not be able to ultimately obtain some form of injunctive relief in this case. However, he has not made the requisite showing at this time to obtain the extraordinary relief he currently seeks. Therefore, I **RECOMMEND** the Court **DENY** Petitioner's Motion for a Preliminary Injunction and Restraining Order. (Doc. 5.)

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DENY** Petitioner's Motion for Preliminary Injunction and Restraining Order, (doc. 5).

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Petitioner and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 30th day of June, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA