**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

ONESSIMUS M. GOVEREH,

    Petitioner,

v.

TRACY JOHNS, Warden,

    Respondent.

CIVIL ACTION NO.: 5:17-cv-62

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Onessimus M. Govereh ("Govereh"), who was formerly incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Govereh filed a number of pleadings during this action including a Motion to Compel, (doc. 2); a Motion for a Preliminary Injunction, (doc. 5); a Motion to Change Venue, (doc. 8); and an Amended Motion for Preliminary Injunction, (doc. 16). Respondent filed a Response to Govereh's Petition and his various Motions on August 18, 2017. (Doc. 18.) On September 25, 2017, Govereh filed a Notice of Change of Address notifying the Court that he is now located in a residential reentry center in Del Valle, Texas. (Doc. 19.) As explained below, Govereh's transfer from D. Ray James moots the claims he asserts in this action. Thus, I **RECOMMEND** that the Court **DISMISS as moot** Govereh's Petition, **DISMISS as moot** all pending motions, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Govereh *in forma pauperis* status on appeal.

## BACKGROUND

In his Petition, Govereh challenged the propriety of his incarceration at D. Ray James. (Doc. 1.) Specifically, Govereh raised five questions in his Petition:

1. Whether the [Bureau of Prisons] can lawfully subdelegated [sic] its statutory responsibilities and decision making authority to a private actor, particularly a private actor like [D. Ray James], whose objectivity can be reasonably questioned on conflict of interest grounds?
2. Whether [D. Ray James] violated 18 U.S.C.§ 3621(b) in refusing to even consider a post-sentencing judicial recommendation issued by the sentencing judge recommending that petitioner serve 150-180 days or the remainder of his sentence in a [residential reentry center]?
3. Whether [D. Ray James] violated 18 U.S.C.§ 3624(c) in creating a policy and practice of limiting referrals for pre-release community confinement to 90 days and refusing to consider any federal prisoner for the full one year mandated by statute?
4. Whether a 47 day placement in a [residential reentry center] is of sufficient duration to provide the greatest likelihood of successful reintegration into the community as required under 28 C.F.R.§ 570.22?
5. Whether the plain and unambiguous regulations allow someone other than [Bureau of Prisons] staff to issue incident reports and impose disciplinary sanctions on federal prisoners housed at private prisons like [D. Ray James]?

(Id. at p. 8.)

Respondent filed a response to Govereh's Petition and argued that the Court should deny his Petition due to his failure to exhaust his available administrative remedies. (Doc. 18, pp. 5–7.) Respondent also contended that the Court lacked jurisdiction to hear Govereh's claims regarding placement in a residential reentry center and that the Federal Bureau of Prisons has the authority to house prisoners in contract facilities like D. Ray James and permit those facilities to conduct disciplinary proceedings. (Id. at pp. 8–12.) Govereh has not filed a Reply to Respondent's Response but has filed the aforementioned Notice of Change of Address evidencing his transfer from D. Ray James.

**DISCUSSION**

**I.     Whether Govereh's Petition is Moot**

Article III of the Constitution "extends the jurisdiction of federal courts to only "'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). With regard to the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

In his Petition, Govereh only requested relief from conditions at D. Ray James. The above-quoted five issues that his Petition raises all centered on policies or practices carried out at D. Ray James. While Goverh's Petition also requested timely placement in a residential reentry

center, his change of address indicates that he has now been transferred to such a facility. Thus, there is no longer a "live controversy" over which the Court can give any meaningful relief. Friends of Everglades, 570 F.3d at 1216.[1] Accordingly, the Court should **DISMISS as moot** Govereh's Petition for Writ of Habeas Corpus.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Govereh leave to appeal *in forma pauperis*. Though Govereh has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or

---

[1] In a similar context, an inmate's claim for injunctive relief in a civil action against prison officials is subject to dismissal for mootness when the prisoner is transferred to another prison and is no longer subject to the condition for which injunctive relief is sought. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (per curiam); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Govereh's Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS as moot** Govereh's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **DISMISS as moot** all pending **motions**, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Govereh leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of October, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA